AMY, J.,
concurring in part and dissenting in part.
|,I concur in the affirmation of the defendant’s conviction for cruelty to a juvenile. In all other respects, however, I respectfully dissent from the majority opinion as I find that an affirmation in full is required.
In my opinion, the record supports the jury’s decision to convict the defendant on Count One, attempted second degree cruelty to a juvenile. The child’s mother, E.L., testified regarding the early morning hours of February 2nd. She explained that the child, B., began crying and that, when she attempted to see about the child, the defendant told her “no, don’t get up.” She explained that her children were “very, very spoiled to [her], and [the defendant] didn’t like the idea that [her] kids *614 were spoiled.” She stated that the defendant then “grabbed [BJ and brought her into the hallway to change her.” She described hearing “a boom boom” while the child was with the defendant, but was told that the child fell onto the washer or dryer while being changed. She explained that, upon the defendant’s return, he was going to strike the crying child with a belt, but that after she told him not to “hit [her] daughter with the belt[,]” he hit her instead. I believe that the jury could have found this testimony to be evidence of the defendant’s rage and concluded that the abuse was occurring at the time of the loud noise and while out of E.L.’s sight.
Also, in his statement to police, the defendant stated that the eight-month-old child jumped from his hands during the diaper change. In my opinion, the jury could |j>have found this inconsistent with the degree of bruising and injury, including a fractured arm, discovered at the hospital. While the defendant contends that the State failed to exclude the hypothesis that the mother was responsible for the injuries, the jury heard the mother’s account of the evening. In particular, the jury was aware that the mother took the child to the hospital the following day and that she did so only after the defendant left the house. She expressed fear of the defendant and did not seek assistance from the defendant’s mother, who lived nearby. Instead, she sought help from a neighbor. All of these factors, I believe, were valid considerations for the jury in assessing credibility. I would not disturb that determination on appeal.
Finally, and although I agree with the majority that the conviction for cruelty to a juvenile is supported by the record, I respectfully disagree that the ten-year sentence imposed is excessive. I find that the child’s age as well as the serious and repetitive nature of the abuse supports the sentence selected by the trial court.
For these reasons, I would affirm the defendant’s convictions and sentences in full.